Nov. Term, 1825.

CRANMER
v.
GRAHAM.

(2) Stat. 1823, p. 208.

## CRANMER *v.* GRAHAM.

Case 1.
1b 406
135 102

1b 406
Case 1
162 253

Assumpsit on a special contract by which the defendant promised to pay the plaintiff 9 dollars and 25 cents a month for 12 months' work to be performed. The contract proved was for the payment of 92 dollars and 50 cents for 10 months' work to be performed. *Held,* that the variance was fatal.

In the case of a special contract, the plaintiff cannot recover on a general count, but must declare specially, where the contract is open and in full force.

*Thursday,*
*November 24.*

ERROR to the *Marion* Circuit Court.

HOLMAN, J.—*Cranmer* declared against *Graham* in assumpsit. The first count is for 12 months' wages, as a labourer, at 9 dollars and 25 cents per month, amounting to 111 dollars. The second count is a general indebitatus assumpsit for work and labour. Pleas, non-assumpsit, and accord and satisfaction. After two verdicts in favour of the plaintiff, and two new trials, the case came before the Court on a demurrer to evidence. Two witnesses were sworn. The evidence of the first was, that in *January,* 1822, he saw the plaintiff at work at the defendant's, and the defendant told the witness that he was to give the plaintiff 2 dollars per acre for clearing land. Afterwards, in the spring of the same year, the defendant told the witness that he had hired the plaintiff for 10 months, for 92 dollars and 50 cents. The witness saw the plaintiff at work for the defendant several times, during the spring and summer of that year; but could not say positively that he saw him there in either of the months of *July, August,* or *September.* The other witness had seen the plaintiff at work for the defendant several times, but could not say positively that he saw him at work in either the months of *June, July, August,* or *September;* and heard it said in the defendant's presence, that the plaintiff had obtained the name of ninety-two dollar man, because the defendant had hir-

ed the plaintiff 10 months for 92 dollars. On this testimony the Circuit Court gave judgment for the defendant.

So far as this testimony proves any thing, it proves a hiring for 10 months for 92 dollars and 50 cents, a contract very different from a hiring at 9 dollars and 25 cents per month. In *M'Millan* v. *Vanderlip*, 12 Johns. R. 165, a hiring to spin for 12 months, at 3 cents per run, was considered as an entire contract for 12 months, and the plaintiff was not permitted to recover by the run, after spinning a part of the time. The principle on which that case was decided is applicable, in its utmost strength, to the case before us. Here is a hiring to ordinary labour on a farm for 10 months, commencing in the winter season, for the sum of 92 dollars and 50 cents; and if the plaintiff is permitted to recover, as for a hiring at 9 dollars and 25 cents per month, he would have the same right to recover for a part of the time as for the whole. But it is well known that the labour of a man on a farm, is far more valuable in the spring and summer, than in the winter months. And it would be contrary to every principle of justice, to permit a man under such a contract to labour through the winter months, and recover of his employer for that time as for monthly wages, when in all probability the employer would not have hired him during those months, but in consideration of his services the balance of the term. The contract proved is certainly very different from the contract set forth in the first count of the declaration; and the necessity of a correspondence in every material part, between the allegations and the proof, cannot now be disputed. See *Sebastian* v. *Thompkins*, 1 Marsh. 63;—*Thorpe* v. *White*, 13 Johns. R. 53;—and the various authorities cited in 1 Esp. N. P. 262, 263.

It is equally clear, and equally well settled, that where there is a special agreement it must be declared on; and cannot be given in evidence under general counts. This rule prevails when the special contract remains in full force; but where the contract has been rescinded by agreement of the parties; or has been performed in a manner somewhat different from the terms of the contract; or the performance has been prevented by the opposite party, a recovery may be had on a general count. This doctrine runs through a variety of cases. See *Linningdale* v. *Livingston*, 10 Johns. R. 36.—*Raymond* v. *Bearnard*, 12 Johns. R. 274.—*Jennings* v. *Camp*, 13 Johns. R. 94.—1 Esp. N. P. 249.—2 Phill. Ev. 83; and the various authorities cited in the

CRANMER
v.
GRAHAM.

Nov. Term, text and note.  Here the special agreement was still open and
1825.  in full force; and a recovery if to be had at all, must be had
CRANMER  under that agreement, and not on a general indebitatus as-
v.  sumpsit (1).
GRAHAM.
      *Per Curiam.*—The judgment is affirmed with costs.
      *Rariden,* for the plaintiff.
      *Sweetser,* for the defendant.

(1) Evidence of a special contract not under seal, for work and labour or for goods sold and delivered, will support a general count in assumpsit, where the plaintiff has done his part, and the time for payment is expired.  It is said by *Dennison,* J., that "if a man agrees to build for another a house to be paid for it, and afterwards builds the house, in this case he has two ways of declaring, either upon the original executory agreement as to be performed in futuro, or upon an indebitatus assumpsit, or quantum meruit, when the house is actually built and the agreement executed."  *Alcorn* v. *Westbrook,* 1 Wils. 117.  In indebitatus assumpsit for work and labour, a special contract being proved, *Story* J. says, "We take it to be incontrovertibly settled, that indebitatus assumpsit will lie to recover the stipulated price due on a special contract, not under seal, where the contract has been completely executed; and that it is not in such case necessary to declare upon the special agreement." *Bank of Columbia* v. *Patterson's administrator,* 7 Cranch, 303.  The language of *Gibbs,* C. J., in a similar case, is, "I have always understood the rule to be, that you may recover for work executed, as for work and labour generally, if the terms contained in the written agreement are not of such a nature as to preclude a recovery otherwise than on the contract itself.  It is every-day's experience that a party may recover on the general counts for work done under a special contract; but this case does not range itself within that class, for here are particular terms which render it impossible to recover under the common count."  *Robson* v. *Godfrey,* 1 Stark. R. 275.  There were particular stipulations, in the last-cited case, as to the times and mode of payment, and the whole time for payment had not elapsed.  Ibid.

Where there was a special contract for the sale of goods, to be delivered and paid for at a future time, and the goods were afterwards delivered agreeably to the contract, indebitatus assumpsit was held to lie.  In this case *Holroyd,* J., says, "An objection has been taken to the form of the action, the contract being executory.  I cannot accede to the argument; for I think it clear that although an action would lie upon the express contract, yet when it was part executed and the thing delivered, indebitatus assumpsit was maintainable.  In Bull. N. P. 139, it is said, 'Although an indebitatus assumpsit will not lie upon a special agreement till the terms of it are performed, yet when that is done, it raises a duty for which a general indebitatus assumpsit will lie.' "  *Studdy* v. *Sanders,* 5 Barn. & Cress. 628.  Vide also, to the same effect, *Brooke* v. *White,* 1 New R. 330.

When the declaration, in these cases, contains both a special and a general count, and the plaintiff proves a special contract materially variant from that described, though he must fail on the special count he may still succeed in the action.  If the special contract proved be valid, the work done or the goods delivered as agreed on, and the time for payment be expired, the evidence will support the general count; and the plaintiff will recover the same amount

on the implied promise, that he would have recovered on the express contract had it been correctly described in the special count. Vide, on the subject of this note, Lawes on Assumpsit, 2, et seq.—1 Chitt. Pl. 338—341.—2 Stark. Ev. 95—99, 637.—3 Stark. Ev. 1762.