Marsh
v.
Rulesson.

---

## MARSH vs. RULESSON.

Where a servant hires himself for a fortnight and quits at the end of ten days in consequence of rough language from his master, he is not entitled to recover compensation for the ten days labor. It seems a master would be justifiable in turning away a servant without compensation, who refused to obey his lawful and reasonable commands.

ERROR from the Schenectady common pleas. Rulesson sued Marsh in a justice's court, and on a trial by jury, obtained a verdict and judgment. Marsh appealed to the Schenectady common pleas. On the trial, it appeared that Ru-

lesson had hired himself to Marsh, as a servant for a fortnight; that after remaining ten days in the service of Marsh, on being desired by him, on a *Sunday*, to water and feed his cattle, he refused : Marsh told him to go to hell, but to mind and first work his time out. Rulesson quit the service of Marsh, and brought his action to recover for the ten days labor. On a motion for a nonsuit, the common pleas decided that the plaintiff was entitled to recover. A conversation was proved between the parties, in which Rulesson said to Marsh, you turned me away because I did not work on Sundays ; to which Marsh replied, that he would not have any body to work for him, who would not attend to his cattle on Sundays. A verdict was found for the plaintiff, on which judgment was rendered.

*A. C. Paige*, for plaintiff in error, relied on 13 *Johns. R.* 53, 94, 390 ; 4 *Cowen*, 564 ; 8 *Cowen*, 63.

*J. C. Wright*, for defendant. The contract of hiring must be considered as rescinded by the conduct of the defendant below. (15 *Johns. R.* 224.) The rough and abusive language of the defendant justified the plaintiff in quitting the service of his employer. In the cases cited on the other side, there was a voluntary or wilful abandonment of the contract.

*By the Court*, SAVAGE, Ch. J. The plaintiff below violated his contract. The half month's service was a condition precedent to be performed, before payment for the services could be demanded. The defendant, in point of fact, did not turn the plaintiff away, though his language was extremely improper. Perhaps the master would be justifiable in turning away a servant without compensation, who refused to obey his lawful and reasonable commands. I think he would ; but that point it is not necessary to decide. The plaintiff went away without cause, and was not entitled to recover.

Judgment reversed.