ABRAHAM BADGLEY, plaintiff in error, v. ELI HEALD, defendant in error.

*Error to St. Clair.*

In a suit commenced before a justice of the peace, the plaintiff cannot recover a larger sum than is indorsed upon the summons as the claim or demand.

A contract to labor six months for eight dollars a month is an entire contract, and to entitle the party to recover for his services, he must fully perform on his part unless released by his employer, or compelled to leave his employment for some justifiable cause.

THIS was an action commenced before a justice of the peace of St. Clair county by the defendant in error against the plaintiff in error. A judgment was there rendered in favor of the plaintiff for $14·37. The defendant appealed to the Circuit Court of said county, and the cause was tried before the Hon. Gustavus P. Koerner and a jury, at the November term 1847. A verdict was rendered for the plaintiff for $15·46.

Other facts material to the decision of the case will be found in the Opinion of the Court.

The cause was argued in this Court *ex parte*, by *W. H. Underwood*, for the plaintiff in error.

1. The Court below erred in rendering a judgment for more than the amount claimed and indorsed upon the summons, there being no interest on an indebtedness of this nature. *Dowling* v. *Stewart*, 3 Scam. 195; *Chenot* v. *Lefevre*, 3 Gilm. 643.

2. The Court below erred in refusing to grant Badgley a new trial. The evidence showed that Heald contracted with Badgley to work for him six months, with the privilege of quitting only at the end of the first month, and left Badgley's employment at the end of three months against his consent, and without any excuse. That he cannot recover in such a case, see *Cutler's Adm'r.* v. *Powell*, 6 Term R. 163; *McMillan* v. *Vanderlip*, 12 Johns. 167; *Lantry* v. *Parkes*, 8

Cowen, 63; *Thayer* v. *Wadsworth,* 13 Pick. 349; *Winn* v. *Southgate,* 17 Verm. 358; *Ripley* v. *Chipman,* 13 do. 268; *Morford* v. *Mastin,* 6 Monroe, 614; *De Camp* v. *Stephens,* 4 Blackf. 24; *Eldridge* v. *Rowe,* 2 Gilm. 98; *Posey* v. *Garth,* 7 Missouri, 96. To tolerate a recovery in a case like this, would be to impair and destroy the obligation of contracts, which are regarded as sacred by the Constitution of the United States and this State. It would encourage men to disregard their contracts, and occasion damages, which no one but the party injured could fully appreciate or ascertain.

3. The suit was brought before the term expired, and therefore prematurely. *Crocker* v. *Goodsell,* 1 Scam. 107.

4. An accord and satisfaction was also fully established.

The Opinion of the Court was delivered by

CATON, J.* Heald sued Badgley before a justice of the peace of St. Clair county for work and labor. The demand indorsed on the back of the summons and entered in the justice's docket, was fifteen dollars, and the plaintiff there obtained judgment before the justice for fourteen dollars and thirty seven cents. Badgley appealed to the Circuit Court, where it was tried by a jury, who rendered a verdict for the plaintiff below, for fifteen dollars and forty six cents. A motion was made for a new trial, which was overruled by the Court and a judgment rendered for the amount of the verdict.

Two questions are presented for our consideration: *First,* whether a verdict and judgment can be sustained which exceeds the amount demanded on the back of the summons, and *second,* whether the verdict is sustained by the evidence.

The evidence as set forth in the bill of exceptions shows that the plaintiff below worked for the defendant about three months; that he left the defendant's service about the 23d of July last; that at the time he left, the defendant was confined to his house by sickness. A witness swore that when Heald left Badgley's service, he told witness that he was

---

* WILSON, C. J., and Justice DENNING, did not sit in this case.

going to quit working for Badgley; that he was going to Pennsylvania, and should go whether he got one cent from Badgley or not. He desired witness to inform Badgley of it, which he did. Another witness testified, that after Heald quit work, he was at Badgley's house where he saw Badgley pay Heald eight dollars, who did not claim any more, and both parties seemed satisfied, and shook hands. The witness heard Badgley say at the same time that he would pay no more, unless he was compelled to do so by law.

Another witness testified that shortly before Heald commenced work, he heard a conversation between the parties, in which they said that Heald was to work for Badgley six months at eight dollars per month; "and at the end of the first month, either party might let the other off." The witness did not hear all of the conversation between the parties at that time, having gone into the house and left them talking, but that after he returned both parties told him that the agreement was as above stated.

The first question presented is settled by the case of *Dowling* v. *Stewart*, 3 Scam., 193, where this Court held that the statement of a claim made by a plaintiff, indorsed on the back of the warrant and entered on the justice's docket, concludes him, and that it is error in the Court to render judgment for more. The excess, in the present case, is forty six cents, and, although it is small, yet it is not so small that the maxim *de minimis non curat lex*, will apply. But the verdict in this case cannot be sustained by the evidence. By the contract between the parties, Heald was to work for Badgley six months at eight dollars per month, with the right to either party to terminate it at the end of the first month. This was an entire contract, as much so as if the agreement had been to work the six months for forty eight dollars, with the privilege to either party to put an end to the contract at the end of the first month, when Heald should receive eight dollars. As the agreement was not terminated at the end of the first month, it was then the same as if it had never contained such a provision. The evidence clearly shows, that Heald abandoned the service of Badgley before the completion of the contract,

and without the consent of Badgley, or any justifiable cause. Nor can it be said that Badgley subsequently consented to the rescinding of the contract by the payment of the eight dollars, even were that admissible; for although Badgley did pay Heald eight dollars, yet he did it under a protestation that he was not bound to pay it, for he said "he would not pay him, plaintiff, any more unless he was compelled to pay it by law." It is manifest from this, that what he paid at that time he intended as a gratuity, or did it to buy his peace, under a protest against further liability. It clearly appeared that this work was done under an entire contract which the plaintiff below refused, without any excuse, to fulfil; and the law, as laid down by this and various other Courts, determines that he is entitled to no compensation.

The case of *Lantry* v. *Parks*, 8 Cowen, 63, is precisely like this. There the plaintiff had agreed to work for the defendant one year, at ten dollars per month. He worked ten and a half months and then left the defendant's service, saying he would work no more till he ascertained whether he could collect his wages. It was there held that the agreement was entire, and that the plaintiff could collect nothing till he had performed his part of it. The same rule is unequivocally held in the cases of *McMillan* v. *Vanderlip*, 12 Johns. 165; *Jennings* v. *Camp*, 13 do., 24; *Spain* v. *Arnott*, 2 Stark., 256; *De Camp* v. *Stevens*, 4 Blackf. 24; *Ripley* v. *Chipman*, 13 Verm., 268; *Morford* v. *Mastin*, 6 Monroe, 609; *Thayer* v. *Wadsworth*, 19 Pick. 349. Numerous other cases might be cited in support of this law, but it is unnecessary. Nor is there any hardship in this rule, as it might at first appear. It is reciprocal, for if the employer turn off the servant before the expiration of the time agreed upon, without any just cause, the latter may recover the full amount agreed upon, as if he had worked out his whole time. *Posey* v. *Grath*, 7 Missouri, 64.

But this is not an open question in this Court. It was the only question involved in the case of *Eldridge* v. *Rowe*, 2 Gilm. 98, where this Court reversed the judgment of the Circuit Court for overruling a motion for a new trial, where the

evidence showed that the party had quit the service of his employer before the expiration of the time which he had agreed to serve, although in that case the evidence showed that Eldridge had made to Rowe three propositions; *first*, that Rowe should work out his time; or *second*, get some other man to work out his time for him; or *third*, that he, Eldridge, would pay Rowe thirty dollars for what he had done and let him quit, and that Rowe should let him know on that day which he would do. Within the time allowed, Rowe sent word to Eldridge that he was not going to work for him any more, and yet this Court held that this evidence was not sufficient to authorize the jury to find that Rowe had accepted the third proposition, to quit work and accept thirty dollars for what he had done. And the jury found that the original agreement had been rescinded by mutual consent, and a new agreement substituted, which finding was approved by the Circuit Court, and yet the judgment was reversed because there was no evidence to sustain the verdict. That is certainly a much stronger case than the one before us.

The judgment is reversed with costs, and the cause remanded.

*Judgment reversed.*