BUFORD & Co. *v.* FUNK.

Under the Code, two or more causes of action may be united in the same petition. Hence an action on a contract performed may be united with an action on account, and both be included in one account. This will not prec'ude either party from using the contract as evidence of the items therein designated.

Where a special contract had been fully performed by plaintiffs, and nothing remained but defendant's liability to pay the money, a general petition on account may include such amount due on the special contract.

A special contract to furnish an engine may be considered abandoned by defendant, where the plaintiffs proposed and were ready to set up the engine at the time stipulated, and again three months after, but both times defendant declined having it done; also where the plan of the engine subsequently ordered and set up, was materially changed, by direction of defendant; and also where defendant acknowledged the correctness of an account, subsequently presented, and which included the price of the engine.

*Appeal from Muscatine District Court.*

*Opinion by* GREENE, J. Furgus Buford & Co., commenced this suit against Henry Funk, on an account for an engine and sundry items from their machine shop. Defendant's answer sets forth a special contract and claimed damages, on the ground that the engine had not been furnished according to contract. The replication

admits the contract, and claims that plaintiffs performed
the work therein specified with such variations as were
subsequently agreed to between the parties. It also denies
all new allegations set forth in the answer. We learn from
the bill of exceptions, that on the trial, before any testi-
mony was offered by the plaintiffs, the defendant raised an
objection that the action would not lie in the manner and
form, as the same was brought for the reason that the plead-
ings show there was a special contract which should have
been the gravamen of the action; whereupon plain-
tiffs' counsel admitted to the court that there was such a
bargain made in writing, as set forth in defendant's answer,
which was signed by the plaintiffs but not signed by defend-
ant, and was not in plaintiffs' possession; that plaintiffs
then offered to prove by witnesses then present, that the
defendant purchased and used the articles mentioned
in the three bills of particulars appended to the original
petition; that the dates and prices thereto affixed were the
true dates and the true value; that on the date stipulated
for furnishing said engine, the plaintiffs were ready and
willing to set up and start the same, agreeable to contract,
but the defendant was not ready to have it done; that at a
period some three months later, the plaintiffs again offered
to set up and start the engine, but said defendant was not
even then ready to have it done; that November 19th,
1842, and after nearly all the items had been furnished,
plaintiffs submitted an account of the same to the defend-
ant, and that no objection was made to the account; that
before suit was brought, defendant told witnesses that the
engine and the other articles furnished by the plaintiffs
were good and performed well; that defendant had used
the same from the time of delivery; that defendant
acknowledged to a witness who was authorized to present
the account for payment, a short time before suit was
brought, that it was all right, except a very small item of
set off claimed by defendant for setting up the engine, and
that defendant only craved a little more time on the

Buford & Co. v. Funk.

account; that the said defendant had from time to time during the progress and delivery of the various items in the account mentioned, made general payments thereon to the amount of three hundred and fifty dollars; that defendant set up no pretence that the articles were furnished in accordance with the written contract, set forth in defendant's answer; that partly by reason of great alterations in defendant's plans, and for other unavoidable reasons, none of the articles charged in the account were furnished within the time limited by the written contract, and very few of them were of the kind therein mentioned.

The court refused to receive testimony of the foregoing facts, and decided that this was not the right form of action; that the action should have been founded on the agreement set forth in defendant's answer; and that said answer was a bar to this action. Therefore, the court gave judgment against the plaintiffs, to which they excepted and took an appeal.

Under the Code, all technical forms of action and of pleadings are abolished; § 1733. Several causes of action may be united in the same petition, provided they affect all the parties thereto in the same capacities, and if suit on all might be brought in the same county; § 1751.

The petition in this case was founded upon an account, and a copy of the account is annexed to the petition, as required by § 1750. This account includes an item of $600 for an engine, which was the subject of a written agreement. It also includes a long list of other items not included in the agreement, amounting to over $300. The price of the engine, and the price per pound for castings are the same in the account and in the agreement. The agreement then supports the account. So far as they are concerned, independent of other evidence, there is no conflict or variance between them. But the account claims the price of many items not referred to in the written instrument, and which appear to have been furnished independent of that instrument. If, then, plaintiffs had a

Buford & Co. v. Funk.

cause of action growing out of the written contract, and also a cause of action for machinery and work furnished outside of that contract, it follows that they had two causes of action, and under § 1751 of the Code, both causes of action might be united in the same petition, and both be included in the same account on which the petition is founded. This would not preclude either party from using the contract as evidence of the stipulated price, &c., of the item or items designated by such contract.

The engine was charged in the account as having been furnished by the plaintiffs to the defendant. This assumes that their part of any contract in reference to said engine had been performed, and they accordingly sue for the price of the engine. They do not, it is true, sue on a special contract, or on special counts. They sue under the Code, by a general petition on account, as they might have sued at common law, on common counts.

It was decided in *Gibson* v. *Powell*, 5 Smedes and Marsh., 712, where the declaration contained a count upon a special contract, and also the common counts, and where the plaintiff failed to show a right to recover on a special count, that he might recover on the common count, where the case showed that if there had been no special contract, he might have recovered under the common counts. When we consider that this principle of pleading was decided at common law, the propriety of authorizing a recovery on a petition, under the Code, founded upon an account in harmony with the special contract, cannot be questioned.

In Massachusetts, it is held that when a special contract has been performed, so that an obligation to pay money is all that remains, a declaration on the common counts is sufficient; *Fulton* v. *Dickinson*, 10 Mass., 287. As the contract in the present case had been performed, so far as the plaintiffs were concerned, and as nothing but payment remained, it follows that plaintiffs might recover under a general petition.

Although it has been decided that in case of a special contract, the plaintiff cannot recover on a general count, still such is the case only when the contract is open and in full force; *Craimer* v. *Graham*, 1 Black., 406. If that doctrine is correct it could not be made apropriate to this case, for the obvious reason that this contract was not open and in full force. As shown by the bill of exceptions, the contract in this case had been in effect abandoned.

1. By having the plan of the engine materially changed.

2. By not being ready and willing to have the same set up on two different occasions when plaintiffs were ready, and offered to do so.

3. By acknowledging long after the contract, the correctness of the account on which the suit was founded, and which included the price of the engine furnished by plaintiffs.

In *Byrd* v. *Bertrand*, 2 Eng., 321, A, B and C, agreed with D in writing, under seal, that they would build a house for him, and have it completed by a certain day. They failed to complete the work by the time. It was then agreed by C and D, that C should go on and complete the work according to the specifications in the original contract. Held, that this was a new contract, but that the original contract was admissable in evidence to show the terms and stipulations of the new contract.

So in *Munroe* v. *Perkins*, 9 Pick., 298 ; after a special contract had been made, the defendant verbally promised the plaintiff that he should be paid for his labor and stock, and should not suffer, and under that promise he proceeded and completed the building. Held that plaintiff might maintain an action upon the parole agreement. See also, *Delacroix* v. *Bulkley*, 13 Wend., 71 ; *Shaw* v. *Lewiston Turnpike Company*, 2 Penn., 454 ; *Baldwin* v. *Farnsworth*, 1 Fairf., 414 ; *Reed* v. *McGrew*, 5 Ham., 380.

We find a case from Vermont particularly in point, in which a contract was made to deliver certain furnace

castings to a certain amount upon a credit of a year; and it was held that a refusal to receive a load of the castings, put an end to the contract, as to the obligation to deliver the balance, and also as to giving the stipulated credit for the amount delivered, and that an action might be sustained immediately for the amount delivered. It was also held that an action on book account, was the proper action; *Tyson* v. *Doe*, 15 Ver., 571.

Apply the principle of that case to this. At the time stipulated in the contract in this case, plaintiffs offered to deliver the engine and put it up, but defendant was not ready and refused to have it done. Again, in three months, a like offer was made and refused. After keeping the engine on hand three months for defendant, and he still refusing to take it, the plaintiffs had a right to regard the contract as rescinded, and were no longer under obligations to furnish the engine under that contract. It would be unreasonable to say that plaintiffs were required to keep the machinery on hand, without payment or interest for a longer period than three months. This act of itself then amounted to a rescission of the contract so far as any obligation on the part of plaintiffs were concerned.

A violation of a contract by one of the parties to a written agreement, is sufficient to authorize the other party to abandon it, and sue for the injury sustained; *Martin* v. *Chapman*, 6 Port., 344.

After thus rescinding the written contract, the defendant obtained of plaintiffs as appears by the bill of exceptions, a different engine from that described in the original contract, and expressed himself as well satisfied with its operation. This act also shows an abandonment of the written contract, and created a liability under a new parole contract. But it seems that this engine was furnished at the same price as that named in the written contract.

The third act of rescission of the original written contract, was at a still later period when defendant expressed

himself satisfied with the plaintiffs' account, which included the item of the engine.

Under the foregoing views, it clearly follows that the court below erred:

1. In deciding the testimony to be inadmissible.

2. In deciding that this was not the right form of action.

3. In deciding that the action should have been founded on the original written agreement.

4. In deciding that defendant's answer was a bar to plaintiffs' action.

5. In rendering judgment against the plaintiffs.

Judgment reversed.

*Stephen Whicher*, for appellants.

*J. Scott Richman*, for appellee.