## McClure and Others *v.* Secrist.

5   31
149  638

Where one has entered into a special contract to perform work for another,
and has done the work, but not in the time or manner stipulated by the con-
tract, if the work done is accepted and used by the other party, the latter is
answerable to the amount whereby he is benefited, upon an implied promise
to pay for the value he has received.

*A., B.,* and *C.* were appointed by the board of commissioners a committee to
contract for the erection of a county seminary on ground owned by the
county. They accordingly entered into a special agreement in writing with
*D.* to erect the building; and, describing themselves as such committee,
stipulated to pay *D.* a certain amount of money for erecting it; and after its
completion they accepted it on behalf of the commissioners, and reported to
them the balance due *D.* for the work, &c. *D.* did not finish the work within
the time stipulated. *D.* sued *A., B.,* and *C.* in *indebitatus assumpsit* for the
value of the work. *Held,* that the suit would not lie.

APPEAL from the *Grant* Circuit Court.                    *Tuesday,*
                                                        *May 23.*
Davison, J.—Assumpsit by *Secrist* against the appel-
lants, for work and labor.

The declaration alleges, that on the first of *November*,
1851, the defendants were indebted to the plaintiff 4,000
dollars, for building a seminary-house in *Marion, Grant*
county; and that being so indebted they promised to pay
that sum, &c. Plea, the general issue. The Court tried
the cause, and found for the plaintiff. Motion for a new
trial overruled, and judgment on the finding of the Court.
The facts of this case are these:

At the *June* term, 1848, the board of commissioners of
said county appointed the defendants a committee to con-
tract with a suitable person to erect a seminary on the

ground owned by said county for that purpose. Pursuant to their appointment, they entered into a special written contract with the plaintiff, whereby he agreed to build a seminary-house of specified dimensions, &c. And the defendants, describing themselves as a committee as above stated, in consideration therefor, stipulated to pay the plaintiff a certain amount of money. Under this agreement he commenced the work, but failed to complete the building within the period specified. During the progress of the work various payments were made to him on account of it by the treasurer of said county, out of seminary funds then in his hands. When the house was completed, the defendants accepted it on behalf of the commissioners, and thereupon reported to them the completion thereof, and also the balance due the plaintiff on account of the work. Upon his motion the commissioners made an order appointing an attorney to confess a judgment for the amount reported; and, in pursuance of that order, the plaintiff, at the *October* term, 1851, recovered a judgment in the *Grant* Circuit Court, for 1,797 dollars. The whole work, according to customary prices, was shown to be worth 4,000 dollars.

Because the plaintiff was in default, having failed to complete his contract within the period stipulated, it is conceded that he can not sustain an action on the special agreement. He therefore relies upon a general count for work and labor.

It is a settled principle that "where one has entered into a special contract to perform work for another, and has done work, but not in the time or manner stipulated by the agreement, still if the work done is accepted and used by the other party, the latter is answerable to the amount whereby he is benefited, upon an implied promise to pay for the value he has received." 7 Blackf. 599.—3 Ind. R. 59.

But the rule just stated does not, in our opinion, apply to the case under consideration. There is nothing in the record that will justify the assumption that the appellants have derived benefit or received value from the work in

question. It is true they accepted the building; but that was done on behalf of the commissioners. The seminary-house, when completed, was corporate property; was erected for the use of the county, and belonged to it. To assume that its value was the property of the appellants, would involve an absurdity. Whether, if the building had been completed within the time specified, the appellants would have been liable on the written contract, is a question not presented by the record. Against them, however, no action can be maintained upon an implied assumpsit.

But the appellee is not without remedy: the county of *Grant* is bound to pay him the full value derived from his work and labor. Indeed, the record shows that prior to the institution of this suit, he obtained a judgment against that county for the identical work now sued for. After that recovery, it seems to us, there was no ground upon which the present suit could be supported.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*D. Kilgore* and *J. Brownlee*, for the appellants.

*J. M. Wallace* and *T. J. Sample*, for the appellee.