Nov. Term,
1858.

WOLCOTT
v.
YEAGER.

WOLCOTT *v.* YEAGER and Another.

The failure of the foreman to sign a verdict, is not assignable as error, if the point was not raised in the Court below.

Complaint upon a special contract with a count for work and labor. Upon the trial it was not shown that the work was completed within the time specified, or that it ever was completed. *Held,* that there could be no recovery upon the special counts.

Where a party to an entire special contract has not complied with its terms, but, professing to act under it, has done for or delivered to the other party something of value to him, which he has accepted, the party thus benefited is responsible, upon an implied promise arising from the circumstances, to the extent of the value received by him.

The Court, in this case, refused to instruct the jury that, to entitle the plaintiff to recover under the common count, they must prove the work done, and the reasonable value of the same, under the circumstances; but instructed them that although the contract had not been fully complied with by the plaintiff, yet he could recover the value of the labor done, &c., if the defendant derived benefit therefrom; and that in determining the value of the work, the jury should be governed by the contract price, as far as they could follow it. There was no proof of the value of the work except the contract. *Held,* that there was no error.

This Court will not review a refusal to set aside a verdict on account of excessive damages, where substantial injustice does not appear to have been done.

A party cannot be held liable for work and labor done under a special contract which has not been complied with on the part of the plaintiff, unless he has, in some manner, accepted the same, or waived a strict performance.

*Aliter,* in that class of contracts for work, in which, from the very nature of the work, it must be accepted as fast as done.

A contract to clear and fence a certain piece of land within a certain time, making fence-rails of all the timber upon the land suitable for that purpose, and making fire-wood of all timber suitable for that use, &c., is of the latter class.

Tuesday,
November 23.

APPEAL from the *Lagrange* Court of Common Pleas.

WORDEN, J.—This was an action by the appellees against the appellant, upon a special contract, and also for work and labor. By the special contract set up, the plaintiffs agreed to chop, clear off, fence, and grub twenty acres of land, described in the contract. The ground was to be inclosed, and divided into two lots by running a fence through the middle, with a good fence ten rails high, provided there was suitable rail timber enough on the land to make the rails; but the plaintiffs were not to go off the land for rail timber. Any rail timber left, after making the fence, was

to be made into rails and the rails piled up. The timber on the land suitable for fire-wood (other than rail timber) was to be cut into fire-wood and corded up. The work was to be completed on or before the first day of *August,* 1854; but if it should not be dry enough to clear the timber from a certain marsh or pond on the land by that time, then the plaintiffs were released from clearing the marsh, and a deduction was to be made, in their compensation, of whatever it might be worth to clear the same. On the completion of the work, the defendant agreed to pay the plaintiffs 220 dollars, and also 37½ cents per cord for what cord-wood there might be, let it be more or less; 50 or 75 dollars to be paid when the work was half completed.

Nov. Term, 1858.

WOLCOTT
v.
YEAGER.

The plaintiffs aver that they fully performed the contract on their part, and that they cut and corded up, under the contract, 162 cords of wood. Breach, that defendant has refused to pay, &c.

The defendant answered, admitting the making of the special contract, but denying the performance thereof by the plaintiffs, and averring the payment of the amount to be paid when the work was half completed. The answer denies that there were 162 cords of wood cut, but admits that there was some. There is a general denial of the claim set up for work and labor, and a claim is set up for damages on account of the non-performance of the contract on the part of the plaintiffs, and also for timber taken off the land by the plaintiffs and sold.

Issues were formed, and the cause tried by a jury. Verdict and judgment for plaintiffs for 215 dollars, 25 cents, over a motion for a new trial.

The case is before us on the evidence, and the rulings of the Court in giving and refusing instructions.

One matter, however, is assigned for error, which is not based upon any ruling of the Court below; and that is, that the verdict of the jury is not signed by the foreman, in accordance with the statute. 2 R. S. p. 114, § 334. This point does not appear to have been made in the Court below, and it is too late to raise it, for the first time, here. *Manly* v. *Hubbard,* 9 Ind. R. 230.

The plaintiffs offered in evidence the contract sued upon, and proved the cutting of 162 cords of wood. There was no evidence showing that the work was completed within the time specified in the contract for the completion thereof; and we are of opinion that the evidence fails to show that the job was ever entirely completed. Hence, there could be no recovery upon the special counts, and the motion for a new trial should have prevailed, unless the verdict can be sustained upon the common count for work and labor. A party cannot recover on a special contract which he has failed to fulfil on his part. *Heaston* v. *Colgrove*, 3 Ind. R. 265.—*Major* v. *McLester*, 4 Ind. R. 591. On the other hand, it is settled that where one party to an entire special contract has not complied with its terms, but, professing to act under it, has done for or delivered to the other party something of value to him, which he has accepted, the party who has been thus benefited by the labor or property of another, shall be responsible, on an implied promise arising from the circumstances, to the extent of the value received by him. *Lomax* v. *Baily*, 7 Blackf. 599. This doctrine has been adhered to, and acted upon in numerous cases in this Court. *Vide Wheatly* v. *Miscal*, 5 Ind. R. 142.

There is some conflict in the evidence, upon several points, but, in the language of the bill of exceptions, there was evidence " tending to prove" that the land had been cleared; that the wood had been hauled off and stacked up in the manner specified in the contract; that the grubbing was all done in a good and workmanlike manner; and that all the rails were made and put up into the fence that could be made out of the timber on the land. There was, however, no proof, except the written contract, and some proof as to cost of finishing the work, offered by either party, as to the value of the labor performed.

The defendant, at the proper time, asked the Court to give the jury the following instruction, viz.:

" That to entitle the plaintiffs to recover under the common count, they must prove the work and labor done by

them for the defendant, and the reasonable value of the same, under the circumstances."

This charge the Court refused to give, but instructed the jury " that although the written contract between the parties had not been fully complied with by the plaintiffs, yet they were entitled to recover the value of the labor done by them for the defendant, if he derived benefit therefrom, and that in determining the value of the work, the jury should be governed by the contract price agreed upon as far as they could follow the same."

Exception was taken to these rulings.

We see no error in the refusal of the Court to give the charge asked. It assumes, as we understand it, that there must be other evidence than the written contract as to the value of the work; and had the instruction been given, it would have been equivalent to telling the jury that they could not find for the plaintiffs at all on the common count. The written contract was before the jury, and in the absence of any other proof as to the value of the work, we think the Court very properly told the jury that in determining the value of the work they should be governed by the contract price so far as they could follow it.

In the case of *Koon* v. *Greenman*, 7 Wend. 121, where a suit was brought to recover for work done under a special contract not completed, it was held that the prices stipulated in the contract afforded the best evidence of the value of the work. This is also said to be the law in Sedgwick on Damages, p. 222. In *Coe* v. *Smith*, 4 Ind. R. 79, it is held that in no case can the party recover more than the contract price, or more than the rate of it, for the part of the contract performed. Whether, in a case where the proof showed that the work was worth less than the contract price, in a suit brought for work done under a special contract not complied with on the part of the plaintiff, the contract price should govern, is a question not before us, and one which we do not decide.

In this case, there was no other proof as to the value of the work, and it was undoubtedly correct, to determine the value by reference to the contract.

It is insisted that the verdict should have been set aside, because the damages were excessive, and because the evidence does not sustain it. The damages assessed are more than we should have given, had we been trying the case; but, under all the circumstances, we are of opinion that the judgment should not be reversed on that ground. The whole facts were before the jury, and we cannot say that substantial injustice has been done.

It is said that the evidence does not sustain the verdict, and that the plaintiffs cannot recover on the common count, because it is not shown that the defendant ever, in any manner, accepted the work performed. This point is not entirely free from difficulty. The proof on this subject is, that some of the wood cut by the plaintiffs had been hauled away by teams in the direction of the defendant's residence; but whether by his direction, or for him, the witness could not say. How much of the wood had been hauled away, or at what time, does not appear. In *August*, the defendant commenced ploughing on the land, but quit soon, saying that the grubs were so thick that he could not plough. The ground was very dry at that time, and, on that account, difficult to plough. This is all the evidence there was, having a tendency to show an acceptance of the work, so far as the same was done, and we are of opinion that it falls short of showing such acceptance, and that, unless the nature of the contract was such that there was an acceptance as fast as the work was done, the verdict should have been set aside. We are not aware of any case where a party has been held liable for work and labor done, under a special contract not complied with on the part of the plaintiff, unless he has, in some manner, accepted the same. In *Pullman* v. *Cornly*, 14 Barb. 174, it was held, in a case where the plaintiff contracted with the defendant to build a stone building, in a good and workman-like manner, at a specified sum, and the house was built in so unskillful a manner that the walls cracked, and could not be made good and safe walls without taking down and rebuilding two-fifths of them, that the plaintiff could not recover any com-

pensation for his work. WELLES, J., said—"I have met with no case which I am willing to follow as authority, falling within this class, where the plaintiff was allowed to recover, unless there had been a waiver of strict performance, or an acceptance by the party for whom the work was done, or something equivalent to a waiver or acceptance; and it seems to me to allow a recovery on any other ground would be substituting sympathy or caprice for the principles of law."

There is, however, a class of contracts for work, from the nature of which there must be an acceptance as fast as the work 'progresses; as in contracts for labor for a definite period of time. Such was the contract in the case of *Britton* v. *Turner*, 6 N. Hamp. R. 481. We cannot better illustrate this subject than by quoting the remarks of the Court in that case. PARKER, J., who delivered the opinion of the Court, after adverting to cases establishing the doctrine that in building contracts which had not been strictly complied with, the party for whom the work had been done, and who had been benefited thereby, was liable for the reasonable value of the work, says:

"Those cases are not to be distinguished in principle from the present, unless it be in the circumstance that where the party has contracted to furnish the materials, and do certain labor, as to build a house in a specified manner, if it is not done according to the contract, the party for whom it is built may refuse to receive it, elect to take no benefit from what has been performed, and, therefore, if he does receive, he shall be bound to pay the value; whereas, in a contract for labor merely from day to day, the party is continually receiving the benefit of the contract, under the expectation that it will be fulfilled, and cannot, upon the breach of it, have an election to refuse to receive what has been done, and thus discharge himself from payment. * * *

"The party who contracts for labor merely, for a certain period, does so with full knowledge that he must, from the nature of the case, be accepting part performance from day to day, if the other party commences the performance; and

with knowledge, also, that the other party may eventually fail of completing the entire term.

" If, under such circumstances, he actually receives a benefit from the labor performed, over and above the damage occasioned by the failure to complete, there is as much reason why he should pay the reasonable worth of what has been thus done for his benefit, as there is when he enters and occupies the house which has been built for him, but not according to the stipulations of the contract, and which he perhaps enters, not because he is satisfied with what has been done, but because circumstances compel him to accept it, such as it is, that he should pay for the value of the house.    *    *    *

" It is said that in those cases where the plaintiff has been permitted to recover, there was an acceptance of what had been done.    The answer is, that where the contract is to labor from day to day for a certain period, the party for whom the labor is done, in truth stipulates to receive it from day to day as it is performed; and although the other may not eventually do all he has contracted to do, there has been, necessarily, an acceptance of what has been done in pursuance of the contract, and the party must have understood, when he made the contract, that there was to be such acceptance.    *    *    *

" If, on failure to perform the whole, the nature of the contract be such that the employer can reject what has been done, and refuse to receive any benefit from the part performance, he is entitled to do so, and, in such case, he is not liable to be charged, unless he has before assented to and accepted of what has been done, however much the other party may have done towards the performance.    *    *    * But where the party receives value, takes and uses the materials, or has advantage from the labor, he is liable to pay the reasonable worth of what he has received.    And the rule is the same, whether it was received and accepted by the assent of the party prior to the breach, under a contract by which, from its nature, he was to receive labor from time to time until the completion of the whole contract; or whether it was received and accepted by an assent

Nov. Term,
1858.

WOLCOTT
v.
YEAGER.

subsequent to the performance of all which was in fact done. If he received it under such circumstances as precluded him from rejecting it afterwards, that does not alter the case—it has still been received by his assent."

The principles established in this case are applicable, in our judgment, to the case at bar. In the case at bar, it is true, the contract was not for labor for a definite period of time, but for the performance of certain specific labor. So far as the work progressed under the contract, and in accordance with its terms, so far, according to the above case, it was assented to and accepted. The work was of such a nature that the defendant was precluded from rejecting the benefit of it. If a house is built not in accordance with the contract, the employer may refuse to receive it. He may refuse to occupy it; and, if he chooses, he may destroy it, and restore his ground upon which it is built to its original condition. But the defendant, in this case, can never restore his land to its original condition. It has been mostly cleared, and grubbed, and fenced, and the wood thereon chopped into fire wood. We are utterably unable to perceive how the defendant can reject what has been done, and refuse to receive any benefit therefrom. If the work done was a benefit to the defendant (which the jury might well infer), it was of such a character that there must have been an acceptance so far as it was performed, and there was no need of any other proof of such acceptance.

We are of opinion that the verdict can be sustained under the count for work and labor; and that there was no error in overruling the motion for a new trial.

*Per Curiam.*—The judgment is affirmed with costs.

*J. M. Flagg*, for the appellant.

*R. Flagg*, for the appellees.