## Adams v. Cosby.

48 153
136 72
48 153
142 319
48 153
149 638
48 153
158 487

CONTRACT.—*Work and Labor.*—Where one has entered into a special contract to perform work for another and has done the work, but not in the time or manner stipulated by the contract, if the work done is accepted and used by the other party, the latter is answerable to the amount he is benefited, upon an implied promise to pay for the value he has received.

SAME.—*Architect's Certificate.*—By the terms of a special building contract, payment for work and materials was to be made only on the presentation of the architect's certificate of the quality and value of the work done and materials furnished in accordance with the contract; suit was brought by the contractor, not on the special contract, but on a *quantum meruit.*

*Held,* that, to maintain such suit, it was not necessary to procure a certificate from the architect.

PRACTICE.—*Objections to Evidence.*—Where the admission of evidence is objected to, the objection is unavailable on appeal, unless the record shows the kind of evidence offered and the ground of the objection to it.

SAME.—Where the record recites an offer to prove certain facts, which on the objection of the opposing party was refused, it must also be shown with what kind of evidence the proof was offered to be made, and also what the ground of objection to it was.

VERDICT.—*Answer to Interrogatories.*—To justify a judgment on special findings, notwithstanding the general verdict, the former must be inconsistent with the latter on matters material to the issue.

From the Marion Superior Court.

*J. W. Gordon, T. M. Browne, R. N. Lamb, J. N. Kimball, D. M. Bradbury,* and *I. L. Bloomer,* for appellant.

*N. B. Taylor, F. Rand,* and *E. Taylor,* for appellee.

BIDDLE, J.—Complaint by Cosby against Adams for materials furnished and work done in building a house.

Answer: 1. General denial; 2. Special contract; 3. Special contract, asking judgment against Cosby; 4. Payment; 5. Set-off.

Replies were filed, and issues of fact joined. No question is raised upon the pleadings; they need not, therefore, be more particularly stated.

A trial by jury was had, general verdict for plaintiff, and special findings:

1. That the materials were furnished and work done according to the special contract, and to the acceptance of Adams and the architect.

2. That the architect did not furnish a certificate of the facts according to the special contract.

3. That Cosby never demanded such certificate from the architect.

Motion for new trial, causes filed, motion overruled, exception, appeal to the superior court in general term, judgment therein affirmed, and appeal to this court.

Various errors were assigned in the superior court in gen-

eral term. The principal ones, and those which cover all the points raised, are, in brief, as follows:

1. The insufficiency of the evidence to sustain the verdict.
4. Refusing to give proper instructions.
5. Giving improper instructions.
6. Admitting improper evidence.
7. Excluding proper evidence.
8. Refusing judgment on special findings.
9. Overruling motion for a new trial.

The proper error was assigned in this court raising the above questions.

The appellant seems to have considered the case as if it was founded on the special contract and governed by the old rule, which required a party to a special contract, while it remained executory, to seek his remedy under it and according to its specific terms, and which denied recovery as to part unless all had been performed. In this view he would have been sustained by the following cases: *Cranmer* v. *Graham,* 1 Blackf. 406; *Hoagland* v. *Moore,* 2 Blackf. 167; and *De Camp* v. *Stevens,* 4 Blackf. 24.

But in the case of *Lomax* v. *Bailey,* 7 Blackf. 599, the opinion in which was pronounced by Judge DEWEY, the wisdom of the rule is doubted, and its rigor somewhat relaxed. In the case of *McKinney* v. *Springer,* 3 Ind. 59, and the case of *Epperly* v. *Bailey,* 3 Ind. 72, the old rule, it may be said, was abrogated. In *McClure* v. *Secrist,* 5 Ind. 31, the modern rule, that "where one has entered into a special contract to perform work for another, and has done work, but not in the time or manner stipulated by the agreement, still, if the work done is accepted and used by the other party, the latter is answerable to the amount whereby he is benefited, upon an implied promise to pay for the value he has received," may be regarded as having been settled. The benefit received by the party who is liable on the implied contract in such cases, must be over and above the damages he has sustained on account of the breach of the special contract by the other party. The old rule was strict, technical, and often unjust to one party; the

modern rule is liberal, practicable, and never unjust to either party. The principle of the modern rule must be regarded as fully established in this State. For its support, see *Ricks* v. *Yates*, 5 Ind. 115; *Wheatly* v. *Miscal*, 5 Ind. 142; *Persons* v. *McKibben*, 5 Ind. 261; *Kerstetter* v. *Raymond*, 10 Ind. 199; *Wolcott* v. *Yeager*, 11 Ind. 84; *Boyle* v. *Guysinger*, 12 Ind. 273; and *Garver* v. *Daubenspeck*, 22 Ind. 238.

Upon this view, and the basis of this case, it is easy to perceive that the third instruction, which was asked for by the appellant, and which was to the effect that the appellee could not recover except according to the terms of the special contract, was inapplicable, and, therefore, properly refused by the court.

The instructions given to the jury by the court, on its own motion, were as follows:

"1. In this case, if you believe from the evidence that the contract for the building of the house named was entered into between Mr. Cosby, the plaintiff, and Mr. Adams, the defendant, and that the same was completed according to the contract, and the certificate of the architect mentioned was obtained, waived, or unreasonably refused, your verdict will be made up by allowing the price of the house, and the value of the extra work done at the defendant's request, if any was done, added together, deducting therefrom payments made by Adams, and offsets proved, added to the payments, and if the balance is in favor of the plaintiff, you will find in his favor for such balance, but if the balance is in favor of the defendant, you will find for him the amount of such balance.

"2. But if you believe the plaintiff entered upon the erection of said house mentioned in the previous instruction, under the contract mentioned therein, and failed to complete it according to the contract, but the defendant nevertheless took possession of the house as left by the plaintiff, and occupied, and still occupies it, with his family, enjoying the benefits of the work done and materials furnished by the plaintiff, thus accepting them, then the plaintiff is entitled to recover the contract price of the house, less the cost of completing the

house according to the contract, and any special damages the defendant has proved himself to have sustained necessarily from the failure of the plaintiff to complete the house according to the contract, as the loss of rent, etc.; and in this state of facts, if it exists, you will deduct from the contract price of the house the cost of finishing it according to the contract and any special damages the plaintiff is shown to have sustained, as loss of rent, etc., on account of the failure to complete, and allow the plaintiff that sum, to which you will add the price as proved of the extra work, if any is proved to have been done, and from the aggregate of these two sums you will deduct payments made and set-offs proved by the defendant, Adams, and if they leave a balance in favor of Cosby, the plaintiff, that will be your verdict in his favor, but if the balance is in favor of Adams, the defendant, that balance will be your verdict in his favor."

These instructions express the law which governs the case, and were properly given to the jury.

We find no question of evidence properly saved in the record. There is an attempt to take exception to the introduction of evidence in these words:

"Defendant objects to evidence showing the style of finish; court overrules objection, and permits evidence to show it is not finished or built of unusual material; excepted to."

This does not show us what kind of evidence was offered, nor the ground of the objection to it. We must therefore presume that the court properly refused its admission.

Again: "Defendant offered to prove what it would cost to tear away the present cornice and replace with such as described in the specifications; plaintiff objected, and objection sustained; excepted to by defendant."

Nor does this show with what kind of evidence the defendant offered to make his proof, nor what was the ground of objection to it. If the court erred in rejecting this evidence, the error has not been shown to us. The presumption is in favor of the ruling.

It is alleged that the court committed an error in refusing

its judgment in favor of the appellant on the special findings, notwithstanding the general verdict. We think otherwise. They are not inconsistent with the general verdict. The first special finding supports the general verdict. The second and third present questions immaterial to the case. If this suit was founded on the special contract, they might have some significance. Obtaining the certificate of the architect was not a condition upon which the right of the appellee to recover depended, nor was the performance of any other stipulation in the special contract necessary to his recovery in this suit. The case is founded on materials furnished and work done, subject to damages, if any, arising from the breach of the special contract by the appellee. The rights of both parties were open to be settled according to the facts proved, notwithstanding the special contract.

It is urged upon us that the evidence does not sustain the verdict. It is all before us. We have read it carefully. It is somewhat conflicting in several points, and doubtless would be again if the appellant had a new trial. In a case involving so many items, so many specifications, such a variety of materials, variations of plan, extra work, etc., it would be surprising if there was not some conflict of opinion amongst the most candid witnesses, well instructed as to subject-matter about which they testified. Upon close analysis, we think the preponderance for a recovery is in favor of the appellee, somewhere between two hundred dollars and seven hundred dollars. The verdict is for six hundred and sixty-eight dollars and fifty-eight cents. It appears to us to be fully up to the appellee's right, but we can not say that it is outside of the fair range of the evidence. If the evidence sustains the general verdict, it is sufficient. It is not necessary that it should sustain the first special finding, because it was not necessary for the appellee to prove that he had furnished the materials and done the work, according to the special contract. If this finding had been the other way, it would not have affected the general verdict.

The judgment is affirmed.