Branham *et al.* v. Johnson.

———◆———

BRANHAM ET AL. *v.* JOHNSON.

<table>
<tr><td>62</td><td>259</td></tr>
<tr><td>140</td><td>40</td></tr>
<tr><td>140</td><td>126</td></tr>
<tr><td>62</td><td>259</td></tr>
<tr><td>145</td><td>274</td></tr>
<tr><td>62</td><td>259</td></tr>
<tr><td>149</td><td>638</td></tr>
<tr><td>62</td><td>259</td></tr>
<tr><td>164</td><td>655</td></tr>
</table>

JURISDICTION.—*Appeal.*—*Death of Party.*—*Executor.*—*Practice.*—*Supreme Court.*—*Superior Court.*—The defendants in an action in the Marion Superior Court appealed to general term, from the judgment rendered against them at special term. After the submission of the appeal, one of the defendants died. Subsequently, the judgment at special term was affirmed, whereupon the defendants excepted, and appealed to the Supreme Court.

*Held,* that the superior court at general term, having obtained jurisdiction over the person of the deceased defendant, in his lifetime, had jurisdiction of the case, and had the power to decide it after his death.

*Held,* also, that the appeal to the Supreme Court, having been taken after the death of the deceased defendant, as to him, is a nullity.

*Held,* also, that the executor of the deceased defendant can come into the Supreme Court, after the appeal has been perfected as to the other defendants, and be admitted as a party to the appeal.

CONTRACT.—*Acceptance of Work.*—*Quantum Meruit.*—*Implied Promise to Pay.*—Where one has entered into a special contract to perform work for another, and has done work but not in the time or manner stipulated in the agreement, which is accepted or used by the other party, the latter is answerable to the amount whereby he is benefited, upon an implied

promise to pay for the value he has received, subject to all fair deductions.

SAME.—*Non-Performance.*—*Pleading.*—*Counter-Claim.*—In an action upon a written contract, a counter-claim, averring that the plaintiff had wrongfully failed to comply with such contract, whereby the latter was unable to comply with his contract with another party, but not alleging the facts wherein the plaintiff had so failed to comply with his said contract, and not setting out the written contract or making it an exhibit, is bad. To plead the non-performance of a contract, the facts which constitute the breach must be averred.

SAME.—*Demurrer.*—A counter-claim is in the nature of a complaint by the defendant against the plaintiff, and must allege facts sufficient to entitle the defendant to recover against the plaintiff, or it will be bad on demurrer.

From the Marion Superior Court.

*C. Byfield* and *D. Howe,* for appellants.

*J. H. Laird,* for appellee.

BIDDLE, J.—On the 18th day of June, 1877, Cynthia Ann Branham, widow, and sole executrix of the last will and testament, of David C. Branham, deceased, one of the appellants, petitioned this court to be made a party appellant in this case. This preliminary question must be first decided.

This case was tried at the special term, and final judgment rendered therein, on the 24th day of October, 1876, against the appellants. They appealed to the court in general term, made their assignments of error, and, on the 12th day of December, 1876, submitted the case for decision at the general term.

David C. Branham died on the 20th day of February, 1877. On the 5th day of March, 1877, the court at general term rendered its decision, affirming the judgment of the court at special term, to which the appellants excepted, and prayed an appeal to this court. On the 22d day of March, 1877, the appellants filed their appeal bond in the superior court, and, on the 28th day of May, 1877, filed a transcript of the record in this court.

Upon this state of facts we are of the opinion, that the

superior court, at general term, having obtained jurisdiction over the person of David C. Branham in his lifetime, and the case having been submitted for decision, requiring no further act to be done by the parties, or either of them, had jurisdiction of the case, and had the power to decide it after the death of Branham occurred. The delay of the court to decide the case should not work an injury to any one. But we think the appeal to this court, having been taken after the death of Branham, as to him, is a nullity No act can be done to bind the dead, except such as they knew, and had the opportunity to meet and answer, during their lives. But, if Branham had lived, and his co-defendants had severed from him, and appealed, as they might have done, we think that he could have come into this court after they had appealed and have been admitted as a party to the appeal; if so, it follows that his executrix, in whom his rights are continued, can do the same thing.

The petition of Cynthia Ann Branham is therefore granted, and she is admitted as a co-appellant in the case.

We now proceed to decide the case upon its merits.

The appellee avers in his complaint, that he made a written contract with the appellants to grade sections 37, 36, and a part of section 35, of the Cincinnati, Rockport and South-Western Railway, at a stipulated sum per cubic yard; that, in pursuance of said contract, he performed a certain part of the work, which is specifically stated, and which was accepted; that, after he had completed the work as averred, the appellants cancelled their contract with the railway company, and compelled the appellee to quit the work; all of which is averred, with specified dates and amounts, and the written contract made an exhibit.

The fourth paragraph of answer was as follows:

"And said defendants, by way of set-off, say, that, at the time when the plaintiff entered into the contract (a copy of which is annexed to the plaintiff's complaint),

there existed between said defendants and the Cincinnati, Rockport and South-Western Railway Company a contract before that time entered into, whereby it had been agreed by defendants that they would construct a railroad for said company, and in consideration whereof the said company had agreed to pay defendants the sum of $———; that, if said defendants had been able to perform said contract with said company, they could and would have realized profits to the amount of over five thousand dollars ($5,000); that it was impossible for defendants to construct said road, and comply with their said contract with said company, until after the doing of the work agreed to be done by plaintiff, as set forth in the written contract aforesaid between him and them; that, with a full knowledge of all the facts hereinbefore stated, said plaintiff wrongfully failed and neglected to comply with his said contract with defendants, and thereby said defendants were unable to comply with their said contract with said railroad company, and the defendants thereby lost large profits, which otherwise they could and would have made in the construction of said railroad, to their damage in the sum of $———, which sum the defendants offer to set off against the amount, if any, which may be found due plaintiff, and judgment for the residue."

A demurrer upon the alleged ground of the insufficiency of the facts therein stated to constitute a cause of action was overruled to the complaint, and exceptions reserved; and a demurrer for the alleged insufficiency of the facts therein stated to constitute a defence was sustained to the fourth paragraph of the answer.

The appellants complain of these rulings, and have presented the questions arising upon them by their assignments of error.

There was a trial on other issues of fact, and a finding and judgment for the appellee, but no other questions are

presented here except those upon the pleadings, as above stated.

The complaint is sufficient. It avers the performance of a large part of the work, and its acceptance. This would give a cause of action against the appellants, even though the remainder of the work was abandoned by the the appellee, without the fault of the appellants; but the averment is, that it was abandoned by the fault of the appellants. When one has entered into a special contract to perform work for another, and has done work, but not in the time or manner stipulated in the agreement, still, if the work done is accepted or used by the other party, the latter is answerable to the amount whereby he is benefited, upon an implied promise to pay for the value he has received, subject to all fair deductions. For this doctrine see *Adams* v. *Cosby*, 48 Ind. 153, and the authorities collected therein.

The fourth paragraph of answer is a counter-claim. A counter-claim is in the nature of a complaint by the defendant against the plaintiff, and must allege facts sufficient to entitle the defendant to recover against the plaintiff, or it will be subject to demurrer.

The facts averred in this counter-claim are clearly insufficient; indeed there are no essential facts in it well pleaded. It simply avers that the appellee wrongfully failed to comply with his contract with the appellants, and thereby the appellants were unable to comply with their contract with the railroad company, but does not allege the facts wherein the appellee failed to comply with his contract. The performance of a contract may sometimes be averred generally, but to plead the non-performance of a contract, the facts which constitute the breach must be averred. Besides, this counter-claim is technically defective in not setting out the written contract or making it an exhibit. *Campbell* v. *Routt*, 42 Ind. 410.

For the general doctrine governing counter-claims, see

the following authorities :    *Conner* v. *Winton,* 7 Ind. 523 ;
*Lovejoy* v. *Robinson,* 8 Ind. 399 ; *Shelly* v. *Vanarsdoll,* 23
Ind. 543 ; *Woodruff* v. *Garner,* 27 Ind. 4 ; *Grimes* v. *Duzan,*
32 Ind. 361 ; *Hoffa* v. *Hoffman,* 33 Ind. 172 ; *Mooney* v.
*Musser,* 34 Ind. 373 ; *Hinkle* v. *Margerum,* 50 Ind. 240 ;
*McMahan* v. *Spinning,* 51 Ind. 187 ; *Gilpin* v. *Wilson,* 53
Ind. 443.

The judgment is affirmed, at the costs of the appellants.