No. 8544.

### CHAMBERS *v.* CHAMBERS ET AL.

STATUTE OF LIMITATIONS.—*Account Current.*—*Answer.*—*Reply.*—*Pleading.*— A reply to an answer pleading the statute of limitations, which states that the account sued on was a mutual running account, and that every item of the bill of particulars is one item thereof, and shows the last item to be within six years, is sufficient.

SPECIAL FINDING.—*General Verdict.*—*Practice.*—It is only in cases where the special findings are irreconcilable with the general verdict that they control it.

SAME.—On trial of an action on an account current, an answer of the jury to the question, " What amount, if any, have you allowed the defendant on the account in his favor in your general verdict?" is not repugnant to the general verdict for the plaintiff for the excess due him.

From the Madison Circuit Court.

*J. W. Sansberry, M. A. Chipman* and *E. P. Schlater,* for appellant.

*J. A. Harrison* and *R. Lake,* for appellees.

FRANKLIN, C.—Appellees sued appellant on an account for sawing lumber, amounting to $297.21.

Appellant answered by a denial, and the statute of limitations. Reply in denial, and mutual running accounts. Demurrer to second paragraph of reply overruled.

Trial by jury; verdict for appellees, and answers to interrogatories returned by jury. Motions by appellant for judgment on the answers to the interrogatories notwithstanding the general verdict, for a new trial, and in arrest of judgment, were all overruled, and proper exceptions reserved. Judgment on the verdict for appellees for $177.06.

Appellant has assigned in this court the following alleged errors:

1st. The overruling of the demurrer to the second paragraph of the reply.

2d. The overruling of the motion for judgment upon the answers to the interrogatories.

3d. The overruling of the motion for a new trial.

4th. The overruling of the motion in arrest of judgment.

The second paragraph of the reply reads as follows:

" And for a further amended reply to the second paragraph of the answer the plaintiffs say that there had been from 1870 to 1876 a mutual running account between the parties to this suit, a bill of particulars of which is herewith filed. And every item of the plaintiffs sued on herein is one item of said mutual running account between the parties."

Then follows a bill of particulars of the defendant's side of the account.

We think this paragraph was a sufficient reply to the statute of limitations in the answer; and there was no error in overruling the demurrer to it.

The following are the interrogatories and answers returned by the jury with their verdict, and upon which appellant moved for judgment in his favor, except as to $2.56.

"PLAINTIFFS' INTERROGATORIES.

" 1st. How much of plaintiffs' claim, if any, have you allowed them in your general verdict?

"Answer. One hundred and seventy-seven dollars and six cents ($177.06).

" 2d. What amount, if any, have you allowed the defendant on the account in his favor, in your general verdict?

"Answer. Seventy-seven dollars and ninety-four cents ($77.94).

" 3d. Have you allowed him, the defendant, in your verdict the note alleged in the reply to have been paid for George W. Chambers?

" Answer. Yes."

"DEFENDANT'S INTERROGATORIES.

" 1st. In what year did the plaintiffs perform and complete their first job of sawing for the defendant?

"Answer. 1870.

"2d. In what year did the plaintiffs perform and complete their next or second job of sawing for the defendant?

"Answer. 1871 and 1872.

"3d. In what year did the plaintiffs perform and complete their last job of sawing for the defendant?

"Answer. 1876.

"4th. What items, if any, of the plaintiffs' cause of action accrued within six years before the commencement of this suit—give dates and amounts?

"Answer. The sawing of four hundred and twenty-six feet in 1876.

"5th. Did not all the items in the plaintiffs' cause of action accrue and exist more than six years before the commencement of this suit, except the four hundred and twenty-six feet of sawing at sixty cents per hundred?

"Answer. Yes."

The answers were each signed by the foreman of the jury.

We do not think that these answers or special findings are either repugnant or contradictory to the general verdict, but are easily reconcilable therewith. The only apparent conflict is in the amount allowed to plaintiffs on their claim. And in this we understand the jury to mean the amount in addition to what they had allowed defendant on his side of the accounts. For they say they allowed the defendant $77.94, and the plaintiffs $177.06, and returned their general verdict for the latter amount.

It is only in cases where the special findings are irreconcilable with the general verdict that they are to control the general verdict. *Adams* v. *Cosby*, 48 Ind. 153; *The Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143.

The court did not err in overruling the motion of appellant for judgment on the special findings.

Appellant in his brief makes no point upon the overruling of the motion for a new trial, except that he claims that the judgment was too large, that it ought to have been in favor of appellees for $2.56, and for appellant for costs. This claim

is made upon the proposition that all of the plaintiffs' account except the last item for $2.56 was barred by the statute of limitations. In this we think appellant is mistaken. Appellees proved their claim to the amount of over $200. Appellant testified that he had furnished appellees saw-logs during the time they were doing the sawing sued for, as he thought sufficient to settle their account.

We think the proof showed that there were mutual running and unsettled accounts between them which prevented appellees' claim from being barred by the statute of limitations.

The evidence was very conflicting, but tended clearly to sustain the verdict of the jury; and, according to a well established rule, this court will not, by a comparison of the weight of the testimony, disturb the verdict of the jury.

No objection has been pointed out to the overruling of the motion in arrest of judgment, nor do we perceive any.

We find no available error in this record. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, with costs.