Filed March 20, 1890.

---

| 123 | 35 |
| 132 | 31 |
| 123 | 35 |
| 149 | 638 |
| 123 | 35 |
| b161 | 502 |

## No. 14,065.

## EVERROAD ET AL. *v.* SCHWARTZKOPF.

PLEADING.—*Building Contract.—Answer Alleging Breach.—Quantum Meruit.* —Where the first paragraph of a complaint is based upon a special contract to furnish material and erect a house for the defendant, and the second is upon a *quantum meruit* for material furnished and labor performed, paragraphs of answer which plead the special contract and allege its breach, each being pleaded as a defence to the entire complaint, do not constitute a defence to the paragraph upon the *quantum meruit,* and are therefore demurrable.

SAME.—*Change in Contract.—Reduction of Work.—Credit for.*—To such complaint a paragraph of answer claiming credit on account of a change made in the contract, by which the amount of work was reduced, is good.

SAME.—*Mechanic's Lien.—Answer Alleging.*—A paragraph of answer based upon a clause of the contract providing that no payments were to be

made on the building until the defendant was satisfied that all claims for material and labor had been paid, alleging that mechánic's liens existed against the property to an amount less than one hundred and twenty-five dollars, does not constitute a defence to a paragraph of complaint upon a *quantum meruit* averring an indebtedness of more than three thousand dollars, and, hence, is demurrable.

CONTRACT.—*Breach.—Acceptance of Work.—Quantum Meruit.*—Where one has entered into a special contract to perform work for another, and has done the work, but not in the time or manner stipulated in the contract, if the work done is accepted and used by the other party, the latter is answerable to the amount he is benefited upon an implied promise to pay for the value he has received.

From the Bartholomew Circuit Court.

*G. W. Cooper, C. B. Cooper* and *W. H. Everroad,* for appellants.

*M. Hacker* and *W. F. Strickland,* for appellee.

COFFEY, J.—This was a suit by the appellants against the appellee to recover for material furnished and used, and for the erection of a brick business house in the city of Columbus, Indiana, and to enforce a mechanic's lien against said building.

The complaint is in two paragraphs. The first paragraph is based upon a special written agreement, entered into between the appellants and the appellee, in which the appellants agreed to furnish the material and erect the house therein named within a given time, and for a specified price. The complaint alleges that the appellants have performed the conditions of said contract on their part, but the appellee refuses to pay for said building.

The second paragraph is for material furnished, and for work and labor done and performed by the appellants for the appellee, at his request, in the erection of a brick business house in the city of Columbus, Indiana.

The appellee filed an answer, in nine paragraphs, to which the court overruled a demurrer, and the appellants excepted. The correctness of this ruling is the only question involved in the case.

The appellee has not favored us with a brief.   The appellants, in their brief, discuss the questions arising on the third, fourth, fifth, and sixth paragraphs of the answer only, and we will regard all other questions as waived.

The third paragraph of the answer pleads the special contract upon which the first paragraph of the complaint is based, avers that the material and work for which the appellants sue were furnished under said contract, and that the appellants did not perform the conditions of said contract on their part, in this : that said work has never been done and performed to the acceptance of the architect who superintended said work, and that he refused to accept the same ; and that said work was not done within the time prescribed by said contract.

The fourth paragraph of the answer sets out the special contract upon which the first paragraph of the complaint is based, and the plans and specifications for the building therein named, and avers that the work and labor and material for which the appellants sue were furnished under said contract; that the appellants have never completed said work, but have abandoned the same ; that believing that the appellants would complete said work the appellee moved into the lower rooms of said building and occupies the same as a hardware store, but that he refused to and still refuses to accept said work.

The fifth paragraph of the answer claims a credit on account of a change made in the contract, by which the amount of work called for in the written agreement was reduced in quantity, setting out specifically the changes made.

The sixth paragraph of the answer sets out the special written contract between the parties, and avers that by the terms thereof no payments were to be made on the building therein described, or on the material therefor, until the appellee was satisfied that all claims for material and labor had been paid by the appellants ; that there was and is now on file and on record in the recorder's office of Bartholomew

county the following claims for materials furnished to appellants and labor done and performed for them for said building, and upon which they have filed and hold liens against the real estate described in the complaint, viz.: Hege & White, $90.93; Wesley R. Ellis, $13; and Frank Lucas, $13.

The third, fourth and sixth paragraphs of the answer are each pleaded as a defence to the entire complaint.

Whatever might be said as to the third and fourth paragraphs as a defence to the first paragraph of the complaint, based upon the special agreement between the parties, it must be perfectly plain that neither of said answers constitutes a defence to the second paragraph of the complaint.

The second paragraph of the complaint is not based upon the special contract between the parties, but is upon the *quantum meruit.*

To that paragraph it was no defence to say that the house was built and the materials furnished under a special contract with which the appellants had not complied. Nor was it any defence to say that the architect had not accepted the work provided for in the contract.

Where one has entered into a special contract to perform work for another, and has done the work, but not in the time or manner stipulated in the contract, if the work done is accepted and used by the other party, the latter is answerable to the amount he is benefited upon an implied promise to pay for the value he has received. *McClure* v. *Secrist,* 5 Ind. 31; *Kerstetter* v. *Raymond,* 10 Ind. 199; *Wolcott* v. *Yeager,* 11 Ind. 84; *Boyle* v. *Guysinger,* 12 Ind. 273; *Garver* v. *Daubenspeck,* 22 Ind. 238; *Adams* v. *Cosby,* 48 Ind. 153; *Branham* v. *Johnson,* 62 Ind. 259.

In cases like this the rights of both parties are open, to be settled according to the facts proved, notwithstanding the special contract. *Adams* v. *Cosby, supra.*

In the third paragraph of the answer it is not denied that

appellee has received the benefit of the appellants' material and labor; while in the fourth it is shown that he is in the actual possession and enjoyment of the house erected under the special contract.

It is so well settled that an answer which attempts to answer the whole complaint, and answers only a part, is bad, that it can not now be regarded as an open question. *Smith* v. *Little*, 67 Ind. 549; *Alvord* v. *Essner*, 45 Ind. 156.

No valid objection is pointed out to the fifth paragraph of the answer, and we think it good for the purpose for which it is pleaded.

The clause in the contract upon which the sixth paragraph of the answer is based is as follows: " The final payment being due when the work is completed and accepted by the owner and architect, the said owner being satisfied that all claims for material and labor have been paid before any of above payments shall be made."

It is unnecessary to stop and inquire whether the answer setting up a breach of this clause in the contract would constitute a good defence to the first paragraph of the complaint, as it is pleaded as a defence to both paragraphs. Nor need we inquire as to the right of the appellee to bring into court those claiming liens on his property for the purpose of adjusting their claims, and having such decree entered as would protect him, as no such action was attempted.

Whatever the rights of the appellee may be under this clause in the contract, we are clear that the answer does not constitute a defence to the cause of action set up in the second paragraph of the complaint. That paragraph alleges an indebtedness of more than three thousand dollars, and it can not be successfully maintained that the appellants can not recover any part of that sum, because there exist mechanic's liens against the property for less than one hundred and twenty-five dollars.

We think the court erred in overruling the demurrer to this paragraph of the answer.

Judgment reversed, with directions to sustain the demurrer to the third, fourth, and sixth paragraphs of the answer, and for further proceedings not inconsistent with this opinion.

Filed March 20, 1890.