No. 202.

## GASTLIN ET AL. *v.* WEEKS.

CONTRACT.—*Quantum Meruit.—Evidence.*—In an action to recover for work and labor in clearing and grading certain land, at an agreed price per acre, it appeared that after a part of the work was done, the plaintiff and the defendants disagreed as to the contract, the defendants declining to pay the plaintiff unless he would do the work according to their understanding of the terms and conditions of the contract.

*Held,* that it was competent for the plaintiff to show what the work done and accepted was worth, though its value should be greater than the contract-price.

SAME.—*Instructions.*—In such case, the evidence being conflicting as to whether there was a special agreement between the parties as to the manner in which the work should be done, it was proper to submit the question to the jury.

SAME.—*Instructions.*—The court instructed the jury that if there were such a contract, and the plaintiff performed a portion of the work in the manner provided therein, and the defendants did not perform their part of such contract, the plaintiff would be entitled to the contract price for the work done; and the court instructed further, that if there were such a contract, and the plaintiff failed of his own fault to complete the work, he would be entitled to the contract-price, but would be liable to defendants for any sum in excess of the contract-price the defendants would be compelled to pay to have it completed; and that if there was no special contract, the plaintiff would be entitled to recover the reasonable value of the work done.

*Held,* no error.

INSTRUCTION TO JURY.—*Appeal.— Waiver of Objection.*—An objection that an instruction by the court is not full enough will not be considered on appeal, where no request was made at the trial for an instruction supplying the omission.

From the Jasper Circuit Court.

*J. W. Youche* and *S. P. Thompson,* for appellants.

*E. P. Hammond* and *W. B. Austin,* for appellee.

ROBINSON, J.—This was an action by appellee against appellants to recover for work and labor in removing brush from and clearing and grading for appellants certain land adjacent to the town of Hammond, Lake county.

The complaint was in three paragraphs.

The first paragraph was to recover on an implied contract the reasonable value of the work and labor.

The second paragraph was to recover on an express contract for said work and labor, alleging that by the contract the appellee was to remove the brush from and grade fifty-two acres of land for appellants, filling the sloughs thereon, for which appellants were to pay him forty dollars per acre, to be paid as each acre was completed, less five per cent. to be reserved by the appellants until the whole was finished. It was averred that the contract was to be put in writing, and that a contract was drawn up and agreed to, but never signed by the parties; that under said contract appellee, in accordance therewith, removed the brush and graded twenty-three acres of said land to the acceptance of said appellants, but that appellants failed in many particulars mentioned to perform their part of the contract, and refused to pay appellee for any part of the work done. It is averred that the work on the twenty-three acres completed by appellee according to the contract was more difficult and of greater value than the remainder of the work, and that the work so done on the twenty-three acres was worth $60 an acre.

The third paragraph was to recover the reasonable value of the work and labor on an implied contract.

Appellants answered in four paragraphs:

1. The general denial.

2. Payment.

3. Payment in a specified manner.

4. Setting up a contract different from that declared upon by appellee in the second paragraph of his complaint.

Appellee replied by general denial.

Trial by a jury, resulting in a verdict for appellee in the sum of $403.

Appellants moved for a new trial. This motion was overruled. Appellants excepted to the ruling, and judgment was rendered on the verdict.

Under the alleged error of the trial court in overruling

the motion for a new trial, appellants in their brief discuss only three alleged errors. These relate to the admission of evidence, the giving of certain instructions, and as to the amount of the recovery.

The first contention of the appellants is as to the alleged error of the trial court in permitting Dr. Merrill and Isaac Hammond, witnesses on behalf of the appellee, to testify to their opinion of the value of work done by appellee.

Dr. Merrill stated in his opinion it was worth from $50 to $60 per acre to do the grading that was done by the appellee.

And the witness Isaac Hammond stated in his opinion that the grading done by appellee was worth $70 per acre.

The objection urged to this evidence is that there was no dispute as to the contract price for doing the work, that the price was fixed by the contract at $40 an acre.

In looking to the issues in the case we can not concur in this view.

The first and third paragraphs of the complaint were to recover the reasonable value of the work and labor done and performed by appellee for appellants at their instance and request, upon an implied contract.

These paragraphs were common counts for work and labor done and performed in removing the brush from and grading the lands described in the complaint. In each of said paragraphs it was alleged that it was worth $60 an acre to do said work.

Appellants having answered by general denial, we think appellee had not only the right to prove the amount of the work, but its value.

This evidence was admissible on another ground. Under the contract, as claimed by appellee, he was to clear and to grade a tract of land containing fifty-two acres for appellants for $40 per acre. After doing a part of the work, and after having cleared and graded twenty-three acres, appellee and appellants disagreed as to the contract, appellants declin-

ing to pay appellee unless he would do and perform the work according to their understanding of the terms and conditions of the contract. Under appellee's version of the matter, he claimed he had cleared and graded twenty-three acres according to the contract, and that appellants accepted the same; that the work so done was more difficult and of greater value than the uncompleted part, and was worth $60 an acre. If, therefore, appellee quit the work because the appellants refused to comply with the contract, appellee's recovery would not be limited to the contract-price, but he would be entitled to recover what the work was worth ; that is, if the work done was accepted and used by the appellants, they were answerable to the amount they were benefited upon an implied promise to pay the value they had received, subject to a deduction for such damage as they may have sustained by reason of the failure to perform the contract. The court did not err in admitting this evidence. *Adams* v. *Cosby*, 48 Ind. 153; *Hickman* v. *Rayl*, 55 Ind. 551 (559) ; *Branham* v. *Johnson*, 62 Ind. 259 (263); *Vail* v. *Meyer*, 71 Ind. 159.

The next contention of the appellant is that the trial court erred in giving instructions 4, 5, 6, 7 and 8.

The fourth instruction reads :

" If you find from the evidence that there was work done by the plaintiff for the defendants, then it will be for you to determine, from the evidence, whether or not there was any special agreement made between the plaintiff and defendants as to the manner in which the work should be done and the price to be paid therefor."

This instruction was clearly correct. It was applicable to the conflict in the evidence as to the contract, and the court properly submitted to the jury the question as to whether there was an express agreement or not.

The fifth, sixth and seventh instructions read as follows :

" 5th. If you find from the evidence that there was such

a contract, and that the plaintiff did perform a portion of the work according to the terms and in the manner provided in the contract, if there was a contract, and that defendants did not perform their part of such contract, if there was one, and that plaintiff thereupon quit work, he would be entitled to be paid for the work he did do at the price agreed upon in the contract, if there was such contract.

"6th. If you find from the evidence that there was no special contract between the parties, and that the plaintiff performed work, then the plaintiff would be entitled to recover the reasonable value of the work done, if he did work, and it was of any value.

"7th. If you find from the evidence that there was a special contract that plaintiff was to grade the whole tract of land described in the complaint for the price of $40 per acre; that plaintiff did grade a portion of the tract; that he failed of his own fault to grade the whole tract, then he would be entitled to recover $40 per acre for what he did grade, and would be liable to defendants for any sum in excess of $40 per acre, if any, which they may have been compelled to pay to complete the grades according to the terms of the contract, if there was one."

We do not think, under the pleadings and the evidence, any error was committed in giving these instructions; they contained a correct statement of the law under the cases we have before cited.

The appellants object to the eighth instruction, on the ground that the court instructed the jury that appellants were not entitled to credits for moneys paid Towle, unless the appellee "requested the appellants to pay same, and agreed that such payments should be credited upon the account;" "that the court, in the instruction, did not fairly cover the question under the evidence, and omitted from the instruction that, under the evidence, appellee had ratified and consented to the payment of the account to Towle."

This instruction is predicated upon the third paragraph

Gastlin *et al. v.* Weeks.

of the appellants' answer, which is payment in a specific manner, and alleges " that before the commencement of this action appellee was indebted to Marcus M. Towle in the sum of $550 on account, which indebtedness exceeded the amount due the appellee upon the claim set forth in the complaint; that appellants, upon the request of appellee, and upon his agreement that appellants should have credit upon the indebtedness sued on, fully paid and satisfied said indebtedness' to said Towle," etc.

As we understand it, the appellants do not call in question the correctness of the statement of law in the instruction as far as the instruction goes, but claim that it does not contain a full statement of the law applicable to the case, and that it tended to confuse and mislead the jury trying the cause. Then it became the appellants' duty, if they considered the instruction was not sufficiently full, to ask for an additional instruction to supply the supposed omission in the one given, and if the court refused to give such additional instructions at their request, to see that it was made a part of the record in one of the modes provided by law for that purpose. *Adams* v. *Stringer*, 78 Ind. 175. But it seems to us the instruction in question contained a fair statement of the law, and was applicable to the pleadings and evidence in the case.

The last contention of the appellants is that the amount of recovery was too large.

There was much conflict in the evidence as to the amount of work done and the number of acres of land graded by the appellee, some of the evidence placing it at twenty-three acres, while other evidence placed it at a less number, and as low as thirteen acres.

There was also considerable conflict as to the amount paid to Towle by the appellants for the appellee. These two questions formed the principal contention in the case.

The trial occurred in November, 1889, which was over four years after the work was done. The jury may have al-

lowed appellee interest in their verdict.    We can not weigh the evidence and determine the preponderance.

The evidence fairly tends to support the verdict of the jury, both as to the right of the appellee to recover and as to the amount of the judgment.    In such case this court can not interfere to disturb the judgment below as to the amount of recovery.

The judgment is affirmed, at appellants' costs.

Filed Sept. 15, 1891.