Gwinnup *v.* Shies.

<hr />

## GWINNUP *v.* SHIES.

[No. 20,242.    Filed December 10, 1903.]

TRIAL.—*Proof Under General Denial.*—In an action for labor performed and materials furnished in the construction of a cement walk, the defendant may, under the general denial, prove the failure on the plaintiff's part to do the work in accordance with the contract.    *pp. 501, 502.*

CONTRACTS.—*Construction of Cement Walk not in Accordance with Contract.—Acceptance.*—One who furnishes material and constructs a cement walk from a residence to the street so that it is lowest in the middle, and collects rain-water half an inch deep, and is three inches above grade, and is otherwise not in accordance with the contract specifications, can not, in the absence of an acceptance of the work, recover therefor; and the use of the walk in going from the residence to the street did not amount to a constructive acceptance.    *p. 502.*

From Superior Court of Madison County; *H. C. Ryan,* Judge.

Action by Amos C. Gwinnup against John Shies. From a judgment for defendant, plaintiff appeals.    Trans-

ferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*Alfred Ellison* and *W. S. Ellis,* for appellant.
*E. D. Reardon,* for appellee.

HADLEY, J.—Appellant furnished the material and constructed a cement yard walk and steps for appellee, and brings this suit to recover therefor. In his first paragraph of complaint he counts on a special contract, and demands the stipulated price. In the second paragraph he sues for the *quantum meruit.* Answer the general denial. Trial by the court, and finding and judgment for the defendant.

But one question is reserved for our decision and that is, is the finding of the court under the issues contrary to law?

The defense relied upon was the failure of appellant to execute the work in a workmanlike manner as the contract required. There is in the record sufficient evidence of defective levels and grade of the walk, and of defective form and finish of the steps, to support the court in its finding, but appellant insists that it was improperly received under the general denial. In this we think appellant is mistaken. The record discloses that the defendant's evidence touching the quality of the work done was given without a single exception being reserved that we have been able to discover, and our attention has not been directed to any; but, assuming that appellant has the right to raise the question, it must be decided against him.

Any defense which goes to a denial that the cause of action set forth in the complaint exists may be properly pleaded by way of general denial. 1 Works' Prac., §579.

The rule prevailing in this State is clearly stated in *Jeffersonville Water Sup. Co.* v. *Riter,* 146 Ind. 521, 526, thus: "A defendant, under the general denial, is not confined to negative proof in denial of the facts stated in the complaint, as a cause of action, but may, upon the trial,

introduce proof of facts independent of those alleged in the complaint, but which are inconsistent therewith, and tend to meet and break down or defeat the plaintiff's cause of action."

There was no evidence offered by either party as to the value of the work, as it was performed, but appellant insists that the evidence shows it was of some value for which he should have recovered, and in support of his claim cites *Everroad* v. *Schwartzkopf,* 123 Ind. 35, and *Gastlin* v. *Weeks,* 2 Ind. App. 222. It is undoubtedly true, as held in these cases, that if a contractor performs his work in an inferior manner, or uses unfit material, or fails in any way to do the work as he agreed, if the work is of a fixed or permanent character, and of some value, and, notwithstanding the noncompliance with the contract, the other party accepts and uses the work, the law will require him to pay whatever the work, as done, is reasonably worth. See authorities cited in Everroad's case, *supra.*

In this case, however, there is not only an absence of evidence as to the value of the work as done, but there is also no evidence of an acceptance or of use by appellee further than his statement that he walked over it from his door to the street "because he could not help it." It appears that appellee was absent from home while the work was being done, and upon his return and inspection at once made an earnest protest against acceptance; and the impelled use, as shown by the evidence, is not sufficient to constitute a constructive acceptance. It may seem harsh to hold that a man who has furnished the material and done a job of work for another shall receive no pay for it. But on the other hand, if, as the evidence tends to prove, the walk was lowest in the middle, and collected storm water half an inch deep, and the grade was three inches higher than the contract provided, and three inches higher than the yard grade when completed, and the steps unshapely and unfinished, it is probable that appellee would

prefer to have his premises as they were before the work was done. In such cases it is clear that the fault is with the one who voluntarily violates his contract.

Judgment affirmed.