IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1921, AND MAY TERM, 1922, IN THE ONE HUNDRED SIXTH AND ONE HUNDRED SEVENTH YEARS OF THE STATE.

---

BUNN *v.* CRAWFORD.

[No. 11,074. Filed January 6, 1922. Rehearing denied March 10, 1922.]

WORK AND LABOR.—*Owner's Acceptance of Work.—Stipulation of Automobile as Compensation.—Failure to Deliver.—Measure of Recovery.*—Where a contractor agreed to perform certain work and to furnish materials in exchange for an automobile, the measure of his recovery, in an action on the *quantum meruit* and to foreclose a mechanics' lien, on the owner's acceptance of the work and refusal to deliver the automobile because of the contractor's failure to pay for labor and materials, so that the owner was required to pay therefor, was the difference between the value of the automobile and the money which the owner was required to pay to materialmen and laborers, plus the special damages, if any, suffered by the owner, and not the value of the contractor's services.

From Huntington Circuit Court; *George M. Eberhart*, Judge.

Action by Jefferson L. Bunn against Henry C. Crawford. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*J. Willard Moffett*, for appellant.

*Lyman H. Jackman* and *Carl J. Bonewitz*, for appellee.

NICHOLS, J.—The only error assigned in this appeal is the action of the court in overruling appellant's motion for a new trial under which motion the only question properly presented is that the decision of the court is contrary to law.

It appears by the evidence that appellant and appellee entered into a contract by the terms of which appellant agreed to reroof certain buildings belonging to appellee and furnish the material and labor therefor, and as compensation for such services and material, appellee agreed to sell and deliver to appellant a certain second-hand automobile. Appellant furnished the material and labor and reroofed appellee's buildings, and thereafter made a demand upon appellee for the automobile, but appellant failed to pay for all material used and labor furnished in reroofing said buildings and appellee was compelled to pay for the same, the value of such material and labor amounting in the aggregate to about $255. Appellee refused to surrender the automobile until appellant had paid for the material and labor aforesaid, and thereupon appellant filed his mechanics' lien, and by this action seeks to recover in *quantum meruit* and to foreclose his mechanics' lien.

It has been numerously held in this state and elsewhere that where one has entered into a special agreement to perform labor for another and to furnish materials, and the work is done and materials furnished, but not in the manner stipulated in the contract, yet if the owner accepts the services and material and uses the same, he is answerable to the person so furnishing the labor and materials to the amount whereby he has benefited. Appellant has cited many authorities to this effect in his brief. As illustrative of the principle we cite *McKinney* v. *Springer* (1851), 3 Ind. 59, 54 Am. Dec. 470; *Cullen-Friestedt Co.* v. *Turley* (1912), 50 Ind. App. 468, 97 N. E. 946. But in this action appellant

seeks to recover for the value of his services performed and material furnished. This is not the measure of recovery under such circumstances. The true measure of recovery is the benefit which the other party receives. *McClure* v. *Secrist* (1854), 5 Ind. 31; *Ricks* v. *Yates* (1854), 5 Ind. 115; *Adams* v. *Cosby* (1874), 48 Ind. 153; *Branham* v. *Johnson* (1878), 62 Ind. 259; *Everroad* v. *Schwartzkopf* (1890), 123 Ind. 35, 23 N. E. 969.

Appellee cites *McKinney* v. *Springer, supra,* as an authority to the effect that where a contract makes express provision as to the medium of compensation being something other than money, an agreement to pay in any other manner will not be implied and *quantum meruit* will not lie. But the authority does not sustain appellee's contention. In that case compensation for the work involved was to be rendered by the conveyance of a certain lot of ground and the court there held that the lot should be considered as representing the compensation that the plaintiff was to recover for the whole work, and that from its value there should be deducted the amount necessary to make up the plaintiff's deficiencies in the completion of his contract, also holding that if the defendant had suffered any special damages by reason of nonperformance of the contract such special damages should also be taken into consideration in favor of the defendant.

In the instant case the compensation was to be an automobile and, following the principle announced in *McKinney* v. *Springer, supra,* the measure of recovery should have been the difference between the value of the automobile and the money which appellee was required to pay because of the failure of appellant to complete his contract, plus the special damages, if any, suffered by appellee. But appellant has only attempted to prove the value of his services which was not the measure of recovery as aforesaid. He has tried his case upon the

wrong theory; he has wholly failed to prove the value of the automobile, and therefore the trial court had no means of determining the amount that he was entitled to recover. The decision of the court against him was therefore not contrary to law.

The judgment is affirmed.